IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUE PRINCE,

      Plaintiff,

vs.                                                                     No. CIV 05-00855 MV/LCS

SAN JUAN COUNTY and VANCE
McCULLOUGH, in his Individual and Official
Capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Vance McCullough's Motion to Dismiss Title VII Claims as to Vance McCullough, filed November 18, 2005, **[Doc. No. 13]**, and Defendant Vance McCullough's Motion to Dismiss Intentional Infliction of Emotional Distress Claims as to Vance McCullough, filed November 30, 2005, **[Doc. No. 15]**.

Defendant's first motion seeks dismissal of Plaintiff's Title VII claims against him on the grounds that such claims may only be brought against employers, not individual supervisors. Plaintiff subsequently stipulated that she was not bringing any Title VII claims against Plaintiff in either his individual or official capacity. *See* December 1, 2005 Stipulation [Doc. No. 17]. Consequently, Defendant's motion seeking dismissal of these claims is moot.

Defendant's second motion seeks dismissal of Plaintiff's intentional infliction of emotional distress claim against him on the grounds that Defendant is immune from suit for such a claim under the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 *et seq*. (1996). In her response, Plaintiff contends that the claim does not fail because the New Mexico Tort Claims Act does not apply to actions of governmental employees that occur outside the scope of their duties. Plaintiff

also amended her Complaint to make it clear that she was alleging that Defendant McCullough's actions were outside the scope of his duties.  In his reply in support of his motion, Defendant concedes that a claim for emotional distress may be brought against governmental employees for acts that occur outside the scope of their duties but contests whether his alleged actions were outside the scope of his duties.

Whether Defendant's actions were outside the scope of his duties is a question more properly reserved for summary judgment when the necessary record for such a determination is before the Court.  On a motion to dismiss for failure to state a claim, the Court only determines whether it appears beyond doubt that a plaintiff can prove no set of facts supporting her claim that would entitle her to relief.  *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). Assuming as true all well-pleaded facts and drawing all reasonable inferences in favor of the Plaintiff, the Court finds that Plaintiff has stated a claim for intentional infliction of emotional distress against Defendant and Defendant's motion to dismiss this claim will be denied.

**IT IS THEREFORE ORDERED** that Defendant Vance McCullough's Motion to Dismiss Title VII Claims as to Vance McCullough, filed November 18, 2005, **[Doc. No. 13]**, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant Vance McCullough's Motion to Dismiss Intentional Infliction of Emotional Distress Claims as to Vance McCullough, filed November 30, 2005, **[Doc. No. 15]**, is **DENIED.**

Dated this 6th day of April, 2006.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

**<u>Attorney for Plaintiff</u>:**
   Kevin M. Brown, Esq.

**<u>Attorney for Defendants</u>:**
   Timothy L. White, Esq.